UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONDRE COLEMAN,

    Petitioner,

    v.

STATE OF MICHIGAN,

    Respondent.

_____/

Case No. 16-cv-10345

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Petitioner Deondre Coleman filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Coleman is a state prisoner in the custody of the Michigan Department of Corrections pursuant to convictions for first-degree retail fraud, Mich. Comp. Laws § 750.356c, and possession of less than 25 grams of cocaine, Mich. Comp. Laws § 333.7403. The petition fails to raise any claims related to the fact or duration of Coleman's confinement. The claims raised relate to the disposition of personal property by police departments and the Michigan Department of Corrections. These claims are not properly raised in a habeas corpus petition. Therefore, the court summarily dismisses the petition for writ of habeas

-1-

corpus under Rule 4, Rules Governing Section 2254 Cases.

## II. BACKGROUND

Petitioner pleaded guilty in Oakland County Circuit Court to first-degree retail fraud and possession of less than 25 grams of cocaine. On September 8, 2015, he was sentenced to 2 to 30 years' imprisonment for the retail fraud conviction and 2 to 15 years' imprisonment for the cocaine-related conviction. Petitioner does not appear to have filed an application for leave to appeal these convictions to the Michigan Court of Appeals. Instead, he filed this habeas petition. He raises these claims: (i) violations of his rights under the Fifth and Fourteenth Amendments because Troy Police Department discards personal property that is not claimed within thirty days and Michigan Department of Corrections fails to safeguard or return property; (ii) the police departments of the cities of Troy and Warren force prisoners to walk barefoot in the jail, confiscate prisoners' property and charge a fee for the recovery of personal property; (iii) right to privacy and private identity altered; and (iv) failure of law enforcement and courts to correct inaccuracies in Petitioner's name in charging documents violated the Clayton Act.

## III. LEGAL STANDARD

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right; therefore, the petition will be dismissed.

## IV. DISCUSSION

After undertaking the preliminary review required by Rule 4, the Court concludes that the petition must be dismissed for failure to state a claim upon which relief may be granted. A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Petitioner in this case is not challenging the fact or duration of his confinement, and raises no challenge to his criminal conviction or sentence. Instead, he challenges the handling of his personal property, the name by which he is known in official papers, and claimed violations of the

-3-

Clayton Act. Because Petitioner is not challenging the fact or duration of his confinement, this petition is not properly filed under § 2254.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

## VI. CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED.**

-4-

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated:        March 21, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge